**William Douglas REEVES, Petitioner–Appellant,**

v.

**Brian BELLEQUE, Superintendent, Oregon State Penitentiary, Respondent–Appellee.**

No. 05–35861.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 21, 2006.

Harrison Stewart Latto, Esq., Law Office of Harrison S. Latto, Portland, OR, for Petitioner–Appellant.

Steven R. Powers, Esq., Attorney General's Office Civil Administrative Appeals Unit, Kathleen Cegla, Attorney General Office of Oregon, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

William Douglas Reeves appeals from the district court's denial of his petition for habeas corpus. We affirm.

We review the denial of a 28 U.S.C. § 2254 habeas petition *de novo. Arredondo v. Ortiz,* 365 F.3d 778, 781 (9th Cir. 2004). The merits of this petition are viewed in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a habeas petition cannot be granted unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law" refers to the holdings, rather than the dicta, of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Supreme Court at the time of the state court decision. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Reeves argues that the admitted bias of his sentencing judge constitutes structural error. However, no "clearly established Federal law" speaks to whether due process requires an impartial judge for the acceptance of a stipulated plea and sentence. *Id.* Even assuming that such a right does exist, there is no indication it cannot be waived. *See, e.g., United States v. Mezzanatto,* 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (holding that a criminal defendant "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution").

Reeves "knowingly and voluntarily" agreed to the entry of his plea and stipulated sentence. *Id.* Because we cannot say under clearly established federal law that these circumstances give rise to error, let alone structural error, habeas relief is unavailable in light of AEDPA's deferential standard of review. 28 U.S.C. § 2254(d)(1)-(2).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.